UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAMON COSME

                              Plaintiff,

                                                                                       DECISION AND ORDER

                                                                                       04-CV-6629L

                    v.

SERGEANT FURMAN,
CORRECTION OFFICER KAMUS,
CORRECTION OFFICER CLARK,
JOHN DOE #1 THROUGH #4
all of the Southport Correctional Facility,
DOCS, NYS, in their individual and official
capacities,

                              Defendants.
_____

      Plaintiff, Ramon Cosme ("Cosme"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment. Plaintiff claims that while he was confined at Southport Correctional Facility, he was subjected to excessive force and that he was beaten by several DOCS employees, and that he was denied appropriate medical care. Defendants have moved for summary judgment to dismiss the complaint, and plaintiff has cross-moved for summary judgment.

Defendants' motion for summary judgment is not based on the merits but on Cosme's failure to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides in part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.*

There are three stages to the DOCS grievance process. "First, a grievance is filed with the Inmate Grievance Resolution Committee ('IGRC'). Next, an inmate may appeal an adverse decision to the prison superintendent. Finally, an inmate may appeal the superintendent's decision to the Central Office Review Committee ('CORC')." *Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006). It is only upon exhaustion of all three of these levels of review that a prisoner seeking relief may proceed in federal court. *Neal v. Goord,* 267 F.3d 116, 112 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002); *Campos v. Correction Officer Smith*, 418 F.Supp.2d 277, 278 (W.D.N.Y. 2006).

The record here shows that plaintiff did complain to certain officials about some of the matters giving rise to this lawsuit, but he did not follow the required steps for formally filing a grievance with the IGRC, and he never obtained a final decision with respect to any of these matters from CORC. Thus, he has not exhausted his administrative remedies.

Although there is some authority that an inmate may comply with the exhaustion requirement through informal channels, I do not believe that the action Cosme took here meets that standard. Cosme has not shown that formal grievance channels were unavailable to him. An

inmate may not simply ignore the formal grievance process that the state has established, and then claim that he has satisfied the PLRA's exhaustion requirement by informal means. *See Amador v. Superintendents of DOCS,* No. 03 Civ. 0650, 2007 WL 4326747, at *8 (S.D.N.Y. Dec. 4, 2007) ("One cannot exhaust *all* administrative remedies by merely pursuing an informal avenue over the formal grievance procedure"); *see also Singh v. Goord*, 520 F.Supp.2d 487, 496 (S.D.N.Y. 2007) (dismissing for failure to exhaust where prisoner failed to show "that the formal grievance procedure was not available to him, that the prisoner was prevented from filing a grievance, or that some special circumstance exist[ed] to excuse the prisoner's failure to formally grieve his complaint")..

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #22) is granted and the complaint is dismissed.  Plaintiff's motion for summary judgment (Dkt. #21) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 6, 2008.