UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAMON COSME,

                                  Plaintiff,

                                                                          <u>DECISION AND ORDER</u>

                                                                          04-CV-6629L

                v.

SERGEANT FURMAN,
et al.,

                                  Defendants.
_____

       Plaintiff, Ramon Cosme ("Cosme"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment. Plaintiff claims that on April 9, 2004, while he was confined at Southport Correctional Facility, he was subjected to excessive force and that he was beaten by several DOCS employees, and that he was denied appropriate medical care.

       On April 26, 2010, the Court of Appeals for the Second Circuit vacated this Court's November 7, 2008 judgment granting defendants' motion for summary judgment, denying plaintiff's motion for summary judgment, and dismissing plaintiff's complaint, and remanded the case to this Court for further proceedings to determine whether plaintiff's failure to exhaust his administrative remedies should be excused under the equitable rule established in *Hemphill v. New York*, 380 F.3d

680 (2d Cir. 2004). *See* 2010 WL 1647552, at *1. After reviewing the record, I believe that further submissions are warranted to clarify the relevant facts.

Plaintiff alleges that shortly after the alleged assault, while he was confined in the Special Housing Unit ("SHU") at Southport, he handed a five-page written grievance to a correction officer, to be sent to the Inmate Grievance Resolution Committee ("IGRC"). Plaintiff alleges that he sent identical copies of the grievance to the DOCS Inspector General's Office, Prisoner's Legal Services of New York, and the Prison Rights Project of the Legal Aid Society. A copy of the grievance has been filed in this action, but it is not addressed to any particular party, other than the notations "C.C. file" and "C.C. Superintendent McGinnis" at the end. Dkt. #29 at 8.

In a letter dated May 5, 2004, and marked received on May 7, 2004, plaintiff wrote to the Superintendent of Southport "in regards of his grievance complaint that he submitted on 4-13-04, send copys to the following partie(s): P.L.S.; P.R.P.; and I.G's officer." Dkt. #24 at 24.[1] Those abbreviations apparently refer to Prisoner' Legal Services, the Prison Rights Project, and the Inspector General's Office. In a response dated May 13, 2004, the Inmate Grievance Program Supervisor stated, "You ... state that you sent copies of your grievance to P.L.S., P.R.P., and the I.G.'s Office. However, you never submitted your complaint to this office." *Id.* at 28.

Plaintiff contends that he attempted to send a copy of the grievance to the IGRC, but that the grievance was deliberately "lost" or destroyed after he gave it to the officer for mailing. He also stated in his appellate brief that "[o]n or about May 13, 2004, appellant submitted an appeal of his

---

[1] The copy of the grievance that was electronically filed by defendants is missing a portion of the letter along the left-hand side. It appears possible that a word may be missing between the words "send" and "copys" in the portion quoted above.

grievance since he had not heard anything from [the IGRC] and thought that his grievance had been summarily denied.." That purported appeal does not appear to be in the record before me, however.

Defendants asserted before the Court of Appeals that plaintiff had admitted that "he took no action in response to the information he received" from the Inmate Grievance Program Supervisor, about the IGRC never having received a copy of plaintiff's grievance. Defendants also stated that at his deposition, plaintiff testified that "since he had 'sent [his complaint] to everybody else,' he 'figured that the agencies will talk to each other.'" That portion of plaintiff's deposition transcript does not appear to be in the record in this Court, either.

Accordingly, the Court hereby directs the parties to file additional submissions concerning the exhaustion issue as it pertains to the principles enunciated in *Hemphill*, concerning whether a failure to exhaust should be excused. Besides the matters discussed above, the parties should also address whether, upon getting no decision on his grievance from the IGRC, plaintiff attempted to appeal to the Central Office Review Committee ("CORC"). In that regard, I note that plaintiff was advised by an attorney from Prisoners' Legal Services that if he did not get a response to his grievance, he should "be sure to appeal any denials or non-responses all the way through to [CORC]." Dkt. #29 at 11. The parties' submissions may take the form of affidavits, documentary evidence, memoranda of law, or any other evidence permitted by Rule 56 of the Federal Rules of Civil Procedure.

**CONCLUSION**

The parties are hereby directed to file additional submissions concerning the exhaustion-of-remedies issue, as set forth in the body of this Decision and Order, no later than **July 23, 2010**. Each side's submissions should not exceed a total of twelve (12) pages in length, unless otherwise ordered by the Court upon good cause shown.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 17, 2010.